Mitchell Segal, Esq. MS4878
Law Offices of Mitchell S. Segal, P.C.
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021
Ph: (516) 415-0100
Fx: (516) 706-6631
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

YAROSLAV SURIS, on behalf of himself and all
others similarly situated,

                       Plaintiff,

        -against-

TMZ PRODUCTIONS, INC. d/b/a TMZ d/b/a TMZ.com,
EHM PRODUCTIONS, INC. d/b/a TMZ d/b/a TMZ.com,
WARNER BROS. ENTERTAINMENT INC. and
JOHN DOE CORPORATIONS and LIMITED
LIABILITY COMPANIES 1-10

                 Defendants.

_____X

Case No.:

CLASS ACTION COMPLAINT

1. Plaintiff, YAROSLAV SURIS (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by their attorney, the Law Offices of Mitchell S. Segal, P.C., hereby files this Class Action Complaint against the Defendants, TMZ PRODUCTIONS, INC. d/b/a TMZ d/b/a TMZ.com, EHM PRODUCTIONS, INC. d/b/a TMZ d/b/a TMZ.com, WARNER BROS. ENTERTAINMENT INC. and JOHN DOE CORPORATIONS and LIMITED LIABILITY COMPANIES 1-10 ((hereinafter referred to as the "Defendants")) and state as follows:

2. This Class Action seeks retribution for Defendants' actions against deaf and hard of hearing individuals residing in New York and within the United States. Defendants have denied the

Plaintiff, who is deaf, along with deaf and hard-of-hearing individuals' access to goods and services provided to non-disabled individuals through its Website https://www.tmz.com (hereinafter the "Website"), and in conjunction with its physical locations, is a violation of Plaintiff's rights under the American with Disabilities Act ("ADA").

3.   Defendants' provide a wide array of goods and services to the public through its Website. However, due to barriers that make it difficult for deaf and hard-of-hearing individuals to use the Website, the Plaintiff and other deaf and hard of hearing individuals cannot understand the audio portion of videos on the Website.  Defendants exclude the deaf and hard of hearing from full and equal participation on their Website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations and is a violation of Plaintiff's rights under the ADA.

4.   Plaintiff, lives in Kings County, New York State and is a deaf individual. He brings this civil rights class action against the Defendants for failing to design, construct, and/or own or operate a Website that is fully accessible to and usable by deaf and hard-of- hearing people without the help of others in violation of Title III of the American Disabilities Act ("ADA"); the New York Human Rights Law ("NYHRL"); the New York City Human Rights Law ("NYCHRL") and Article 15 of the N.Y. Executive Law §§ 290, et. seq.

5.   Deaf or hard of hearing individuals require closed captioning to understand audio components of video content. Closed captioning displays text on videos, television programming, or DVD movies in addition to online websites allowing deaf and hard-of-hearing individuals an equally accessible experience as non-deaf or hard of hearing individuals to watch videos by reading

captioned text.

6.  Without closed captioning, deaf and hard-of-hearing people cannot enjoy video content on the Website while the general public can.

7.  The Defendants' have videos on its Website without closed captioning, or with limited closed captioning, which are inaccessible to deaf and hard-of-hearing individuals. Without closed captioning, deaf and hard-of-hearing people cannot understand the audio portion of the videos on the Website.

8.  By failing to make the Website accessible to deaf and hard-of-hearing persons, Defendants are violating equality requirements under both state and federal law.

9. The American with Disabilities Act provides for the non-discrimination against people with disabilities.  Discrimination includes barriers displayed by websites and other public accommodations that are inaccessible to deaf and hard of hearing individuals. New York State also requires access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

10.  The Plaintiff in this matter was on the Defendants' Website in order to watch the news and watch related videos on the day of January 21, 2019 and subsequent days.  However, due to access barriers, the Plaintiff could not watch the content and Plaintiff and Class members will continue to be unable to watch video content on the Website unless the Defendants correct the existing barriers on the Website.

11.  The failure of the Defendants to provide access to the millions of deaf and hard of hearing individuals in the United Sates violates the American with Disabilities Act ("ADA") goal of providing "full and equal enjoyment" of a public accommodation's goods, services, facilities and privileges.  Places of public accommodation include but are not limited to "place[s] of exhibition and entertainment", "place[s] of recreation". "sales or rental establishment[s]" and "service establishments". 28 CFR § 36.201(a); 42 U.S.C. § 12181(7).  The Defendants' Website is a "place of public accommodation" which denies equal access to its video content which is available to hearing individuals and violates the ADA.

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, for Plaintiff's claims which arise under Title III of the Americans with disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA"); and 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the presumed Class is a citizen of a state different than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).


13.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law§ 290 *et seq.)* and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("NYCHRL").

14.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144l(a).

15.   The Defendants' actions occurred while the Plaintiff attempted to watch videos on the Defendants' Website at his home located in the Eastern District.

16.   Defendants are subject to personal jurisdiction in the Eastern District.  Defendants have been and is continuing to commit the acts or omissions alleged in the Eastern District of New York that caused injury and violated the Plaintiffs rights and the rights of other deaf and hard of hearing individuals.

17.  This Court is empowered to issue a declaratory judgement under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

18.  The Plaintiff is and has been at all times material hereto a resident of Kings County, New York.

19.  Plaintiff is legally deaf and is disabled as defined in the American Disability Act ("ADA") under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.101 et seq., the New York State Human Rights Law, and the New York City Human Rights Law.

20.  The Plaintiff has been denied equal access of the facilities, goods, and services of the Defendants' Website due to its the lack of accessibility.  The Plaintiff attempted to watch various videos on www.tmz.com, including but not limited to a videos entitled "Da Brat Defends R. Kelly, Questions Parents' Role in Scandal" and "Stan Van Gundy V2" but was unable to do so due to its lack of closed captioning.  Plaintiff and Class members cannot watch videos on the Website and have been prevented from accessing the Website and are deterred from visiting the Website.

21. The Defendant, TMZ PRODUCTIONS, INC. ("TMZ") is and at all times relevant was a corporation organized and existing pursuant to the laws of the State of California. TMZ

conducts business throughout the United States and in numerous foreign countries under the trade name TMZ and is in the business of providing entertainment news to the general public.

22. The Defendant, EHM PRODUCTIONS, INC. is, and at all relevant times, a corporation organized and existing pursuant to the laws of the State of California, which operates and conducts business as TMZ. TMZ conducts business throughout the United States and in numerous foreign countries under the trade name TMZ and is in the business of providing entertainment news to the general public.

23. The Defendant WARNER BROS. ENTERTAINMENT INC. ("WARNER BROS."), is and at all times relevant was, a corporation organized and existing pursuant to the laws of the State of Delaware. WARNER BROS. ENTERTAINMENT conducts business throughout the United States and in numerous foreign countries under the trade name WARNER BROS. and is the parent company of defendant TMZ.

24. The Defendants, JOHN DOE CORPORATIONS and LIMITED LIABILITY COMPANIES 1-10 are entities whose true names and capacities are presently unknown to the Plaintiff. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants sued herein as JOHN DOE CORPORATIONS and LIMITED LIABILITY COMPANIES 1-10 is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. Hereinafter, all Defendants including Doe Defendants will sometimes be referred to collectively as "Defendants." For convenience, each reference to a named Defendant herein shall also refer to the Doe Defendants and each of them. Accordingly, Plaintiff sues said Defendants by said fictitious names. At such time as said Defendants' true names and capacities become known to the Plaintiff, Plaintiff will seek leave to amend the Complaint to insert said true names and capacities of such individuals

and /or entities.

25.  The Defendants own, manage, control and maintain the Website with the domain name of  www.tmz.com  (the "Website"). Defendants additionally collect news worthy data throughout various locations in New York as well as across the United States.

26.   The Defendants' barriers to accessibility affect millions of deaf and hard-of-hearing individuals throughout the country by preventing full and equal access and enjoyment of a public accommodation's goods, services, facilities, and privileges.

27.  The Website is a place of public accommodation defined as a "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7).  Defendants news and press locations are also public accommodations.

28.  The Plaintiff seeks injunctive and declaratory relief requiring the Defendants to correct the barriers which prevent access for death and hard of hearing individuals so that they can enjoy the Defendants' Website just as non-deaf and hard-of-hearing individuals do.

## CLASS ACTION ALLEGATIONS

29.  Plaintiff, for himself and on behalf of others similarly situated, seeks class action certification pursuant to the Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the United States who have been denied equal access to goods and services of the Defendants' Website.

30.  Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a

New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the State of New York who have been denied equal access to goods and services of the Defendants' Website.

31. Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the City of New York who have been denied equal access to goods and services of the Defendants' Website.

32. The Class is so numerous, being composed of millions of deaf and hard of hearing individuals, that joinder of all members is impracticable; there are questions of law and/or fact common to the Class and the claims of the Plaintiff are typical of the Class claims.

33. Common questions of law and fact exist amongst the Class including:

      a. Whether the Website is a "public accommodation"under the ADA and New York laws;

      b. Whether there was a violation under the ADA due to the barriers that exist on the Defendant's Website and whether the Plaintiff and the Class were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations; and

      c. Whether there was a violation under New York law due to the barriers that exist on the Defendant's Website and whether the Plaintiff and the Class were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations.

34. The Plaintiff's claims are typical of those of the Class as they both claim that Defendants violated the ADA, and/or the laws of New York by failing to have its Website accessible.

35.  Plaintiff will fairly and adequately represent and protect the interests of the Class members as the Plaintiff and the Class are both deaf or hard of hearing individuals having the same claims.

36.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds applicable to the Class making declaratory and injunctive relief appropriate.

37.  Questions of law or fact common to Class members predominate questions affecting individual Class members and a class action will fairly and efficiently decide this action.

38.  Counsel for the Plaintiff is experienced representing both Plaintiffs and Defendants in Class actions.  As such the Class will be properly represented.

39.  Judicial economy will be served by maintaining this lawsuit as a class action as it will prevent the filing of a voluminous amount of individual lawsuits by people who are deaf or hard of hearing throughout the United States.

## FACTUAL ALLEGATIONS

40.  Defendants own, operate, control and maintain the Website, which provides important entertainment news in various categories, including photos, videos, exclusive interviews and celebrity and sports gossip.  This content is delivered to millions of people across the United States.

41.  The Website can be viewed by individuals located in New York State in addition to the other states of the United States and can be reached from computers, tablets and cellphones which can

access the internet.

42.  In order for the deaf and hard of hearing to access video content, Website must have the ability to turn voice content into readable content.  Closed captioning is the process by which this is done.  Without the use of closed captioning, a deaf or hard of hearing individuals would have to have someone present while they are watching a video to interpret and explain the audio content for them.

43.  Various recommendations and guidelines exist in order to make Website compliant with the ADA.  Web Content Accessibility Guidelines ("WCAG") are one of those guidelines.  WCAG 2.1 Section 1.2.2 states that "Captions are provided for all prerecorded audio content in synchronized media, except when the media is a media alternative for text and is clearly labeled as such".  Section 508, an amendment to the United States Workforce Rehabilitation Act of 1973, requires all electronic and information technology be accessible to individuals with disabilities and requires closed captioning for video content.

44. The Website's numerous videos which cannot be accessed by deaf and hard of hearing individuals are in violation of the ADA and New York laws.  Videos include most of the Website's videos in addition to the videos the Plaintiff tried to access mentioned herein.

45.  The Plaintiff desired and attempted to watch videos by www.tmz.com, videos entitled "Da Brat Defends R. Kelly, Questions Parents' Role in Scandal" and "Stan Van Gundy V2".  There were no closed captioning on the videos.  The Defendants' access barriers prevented the Plaintiff from enjoying the goods, services and benefits offered by the Website and as such denied the

Plaintiff equal access.

46. This lack of closed captioning by the Defendants on its Website prevent not only the Plaintiff but also the deaf and hard of hearing located in New York State and nationally from having equal access as non-deaf and hard of hearing individuals preventing them from enjoying the goods, services and benefits offered by the Website.

47. Defendants have intentionally failed and refused to remove the Website' barriers of access by failing to use closed captioning thereby denying equal access to the Plaintiff and the Class and discriminate against the Plaintiff and the Class in violation of the ADA and New York laws.

**FIRST CAUSE OF ACTION ON BEHALF OF
THE PLAINTIFF, THE CLASS AND THE SUBCLASS**

Violation of Title III of the Americans with Disabilities Act

48. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "47" as if set forth fully herein.

49. The Plaintiff is deaf and requires closed captioning to have full and equal access to audio and audiovisual content and has an impairment that substantially limits one or more of his major life activities and is therefore an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

50. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who

owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. §36.201.

51.    Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities.    Defendants operate a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

52.    Defendants have failed to provide closed captioning on its Website making videos contained on its Website non-accessible to deaf and hard of hearing individuals.

53.    Discrimination under Title III includes the denial of an opportunity for the person who is deaf or hard of hearing to participate in programs or services or providing a service that is not equal to that afforded to others.    42 U.S.C. § 12182(b)(l)(A)(i-iii).

54.    Discrimination specifically includes the failure to provide auxiliary aids and services such as closed captioning to ensure effective communication to deaf and hard-of-hearing individuals.    42 U.S.C. § 12182(b)(l)(A)(III); 28 C.F.R. § 36.303(c); 28 C.F.R. § 36.303 (b)(1).

55.    Discrimination also includes the failure to maintain accessible features of facilities and equipment that are required to be readily accessible to and usable by persons with disability. 28 C.F.R. § 36.211.

56.    Defendants discriminate against the Plaintiff on the basis of his disability by denying him an equal opportunity to participate in and benefit from Defendants' goods, services, facilities,

privileges, advantages and/or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182 (b)(l)(A)(I).

57.  It is unlawful to discriminate against individuals with disabilities or a class of individuals having disabilities to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation offered to others.

58.  Failure to make modifications that are reasonable in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities is unlawful, unless implementing these modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

59.  "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the goods, services, facility, privilege, advantage, or accommodation being offered or would result in an undue burden" is a prohibited discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii).

60.  The Defendants' actions or lack of actions are discriminatory acts against the Plaintiff, the Class and the Subclass as it has denied deaf and hard of hearing individuals (i) an equal opportunity to participate and benefit from Defendants' goods, services, facilities, privileges,

advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A); (ii) a failure to make reasonable modifications in policies, practices and procedures when necessary to afford the Plaintiff, the Class and Subclass such goods, services, facilities, privileges, advantages or accommodations in violation of 42 U.S.C. § 1282(b)(2)(A)(ii); and failing to take necessary steps to ensure that the Plaintiff and other deaf and hard of hearing individuals are not excluded, denied services, segregated or treated differently than others because of the absence of auxiliary aids and services, including the use of closed captioning on its Website.

61.  The Defendants have denied full and equal access to deaf and hard of hearing individuals to its Website by having barriers to their services and accommodations while providing access to their services and accommodations to non-deaf and hard of hearing individuals.

62.  By making the necessary modification of adding closed captioning to its Website, the Defendants would not alter the nature of its goods, services, privileges, advantages or accommodations nor would it result in an undue burden to the Defendants.

63.  The Defendants must be enjoined from engaging in these unlawful discriminatory practices such that the Plaintiff, the Class and Subclass will no longer be discriminated against.

64.  Absent injunctive relief, there is a clear and imminent risk that the Defendants' discriminatory actions will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

65.  Plaintiff is entitled to injunctive relief in addition to attorney fees, costs and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## SECOND CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

Violation of New York State Human Rights Law

66.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "65" as if set forth fully herein.

67.  At all times relevant to this action, the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290 et. seq. covers the actions of the Defendants.

68.  The Plaintiff, at all times relevant to this action, has a substantial impairment to a major life activity of hearing and is an individual with a disability under Article 15 of the N.Y. Executive Law § 292(21).

69.  The Defendants, at all relevant times to this action, owns and operates a place of accommodation, the Website, within the meaning of Article 15 of the N.Y. Executive Law § 292(9).  Defendants are a person within the meaning of Article 15 of the N.Y. Executive Law § 292(1).

70.  Pursuant to Article 15 N.Y. Executive Law§ 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

71.  Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices or procedures when they are necessary to afford, facilities, privileges,

advantages or accommodations to individuals with disabilities. Article 15 of the N.Y. Executive Law§ 296(2)(a), § 296(2)(c)(i).

72.  Defendants' actions violate Article 15 of the N.Y. Exec. Law§ 296(2)(a) by discriminating against the Plaintiff and the Class, including the Subclass by (i) owning and operating the Website that is inaccessible to deaf and hard of hearing persons; and (ii) by not removing access barriers to its Website in order to make its videos accessible to the deaf and hard of hearing when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies the deaf and hard-of-hearing full and equal access to the facilities, goods and services that the Defendants make available to individuals who are not deaf or hard of hearing. Article 15 of the N.Y. Exec. Law§ 296(2)(c).

73.  The Defendants' discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of the N.Y. Exec. Law§ 296(2)(c).

74.  Well established guidelines exist for making a website accessible to the deaf and hard of hearing and are easily obtainable.  The guidelines have been used and followed by government and businesses in making their website accessible to the deaf and hard of hearing, including but not limited to the use of closed captioning.  Incorporating this component by Defendants in its Website would not fundamentally alter the Defendants' Website or business and would not result in an undue burden.

75.  Defendants have intentionally and willfully discriminated against the Plaintiff, the Class and Subclass in violation of the New York State Human Rights Law, Article 15 of the N.Y. Exec. Law § 296(2) and this discrimination continues to date.

76.  Absent injunctive relief, Defendants' discrimination will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

77.  Plaintiff is therefore entitled to compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action.  Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq.

## THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AND THE SUBCLASS

Violation of New York State Civil Rights Law

78.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "77" as if set forth fully herein.

79.  Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

80.  Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement.  No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof.  N.Y. Civ. Rights Law § 40.

81.  No person because of disability, as defined in § 292 (21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("CVR") § 40-c.

82.  § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function.  As such the Plaintiff is disabled under the N.Y. Civil Rights Law.

83.  Defendants discriminate against the Plaintiff and Subclass under CVR § 40 as Defendants' Website is a public accommodation that does not provide full and equal accommodations, advantages, facilities and privileges to all persons and discriminates against the deaf and hard of hearing due to its lack of closed captioning for the death and hard of hearing.

84.  Defendants intentionally and willfully failed to remove the barriers on their Website discriminating against the Plaintiff and Sub-Class preventing access in violation of CVR §40.

85.  Defendants have failed to take any steps to halt and correct its discriminatory conduct and discriminates against and will continue to discriminate against the Plaintiff and the Sub-Class members.

86.  Under N.Y. Civil Rights Law § 41 a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more

than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside.

87.  Plaintiff hereby demands compensatory damages of five hundred dollars for the Defendants acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq..

## FOURTH CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

Violation of New York City Human Rights Law

88.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "87" as if fully set forth herein.

89.  At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 et. seq. applied to the conduct of the Defendants as the Defendants own and operate the Website and are persons under the law.

90.  At all times concerning this action the Plaintiff has had a substantial impairment to a major life activity of hearing and is an individual with a disability under N.Y.C. Administrative Code § 8-102(16).

91.  At all times concerning this action the Defendants' Website are a place of public accommodation as defined in N.Y.C. Administrative Code § 8-102(9).

92.  "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ……. disability …. of any person to

withhold from or deny to such person any of the accommodations required to make reasonable accommodations to a disabled individual and may not "refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof" N.Y.C. Admin. Code § 8-107(4)(a).

93.  The willful and intentional non-removal of the Website's barriers of access for the Plaintiff, the Class and the Subclass by the Defendants discriminate against the deaf and hard of hearing by denying them full and equal access to the facilities, goods, and services that Defendants make available to the non-deaf and hard of hearing individuals.

94.  It is discriminatory for the Defendants "not to provide a reasonable accommodation to enable a person with a disability to …. enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code§ 8-107(15)(a).

95.  Defendants' actions will continue to prevent the Plaintiff, the Class and Subclass from accessing the Website as the remaining public can and the Plaintiff requests injunctive relief.

96.  Plaintiff is also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendants' discriminatory conduct in addition to punitive damages and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action. N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

### FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
### CLASS AND SUB-CLASS FOR DECLARATORY RELIEF

97.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "96" as if fully set forth herein.

98.  The Plaintiff claims that the Website contains barriers denying deaf and hard-of-hearing individuals full and equal access to the goods and services of the Website.

99.  Defendants' Website fails to comply with applicable laws and the Defendants discriminate against the Plaintiff and Sub-Class under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq., N.Y. Exec. Law§ 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq.

100.  The Defendants deny these claims.

101.  The Plaintiff seeks a declaratory judgment such that the parties understand and know their respective rights and obligations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

a.  A declaratory judgment pursuant to Federal Rules of Civil Procedure Rule 57 declaring the Defendants' policies, procedures and practices are discriminatory against the Plaintiff in violation of Title III of the Americans with Disabilities Act, The New York Human Rights Law, the New York City Human Rights Law and the laws of New York;

b.  Enjoining the Defendants' from actions that deny deaf and hard of hearing individuals access

to the full and equal enjoyment of Defendants' Website and from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law§ 296, *et seq.,* N.Y.C. Administrative Code§ 8-107, *et seq.,* and the laws of New York;

c. An Order of the Court requiring the Defendants to make the Website fully compliant with the requirements set forth in the ADA, and its regulations, so that the Website is readily accessible to and usable by deaf and hard-of-hearing individuals;

d.  An Order of the Court which certifies this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3); appointing Plaintiff as Class Representative; and his attorney as counsel for the Class;

e.  Compensatory damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under New York State Human Rights Law and New York City Human Rights Law;

f.  Punitive damages pursuant to the New York City Human Rights Law;

g.  Reasonable costs, disbursements and Plaintiff's attorney fees pursuant to the ADA, New York Human Rights Law, New York City Human Rights Law and the laws of New York;

h.  For pre-judgment and post-judgment interest to the highest extent permitted by law; and

i.  Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself the Class and Sub-Class demands a trial by jury on all issues and requested relief.


Dated: Great Neck, New York
        March 11, 2019                    /s/ Mitchell Segal
                                    _____
                                    Mitchell Segal, Esq.
                                    Law Offices of Mitchell Segal, P.C.
                                    *Attorneys for Plaintiff, the Class and Subclass*
                                    1010 Northern Boulevard, Suite 208
                                    Great Neck, New York 11021
                                    Ph. (516) 415-0100
                                    Fx. (516) 706-6631